IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| R.W., by and through his next friends, MAX W. and ANGEL W. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-cv-297 |
| CLEAR CREEK INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

### I.   INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. §§ 1983 and 29 U.S.C. § 794 on behalf of Plaintiff R.W. to protect his civil rights from their continued abuse by the Defendant Clear Creek Independent School District. Plaintiff prevailed on his claims in earlier litigation in an administrative due process proceeding brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415. The administrative Hearing Officer reached a decision (the "Decision," attached as Exhibit A) in Plaintiff's favor and awarded him substantial relief. However, Defendant has egregiously failed to comply with the Hearing Officer's order and has shown bad faith, gross misjudgment, and deliberate indifference in the process. Plaintiff thus has no choice but to seek judicial intervention.

### II.   JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that give rise to this Complaint occurred in this district.

### III. PARTIES

4. Plaintiff R.W. is a sixteen-year-old student with disabilities who lives with his parents and next friends, Max W. and Angel W., in or around Kemah, Texas, in Galveston County. He resides within the geographical area served by the Clear Creek Independent School District ("CCISD").

5. Defendant CCISD is a duly incorporated Independent School District located in Galveston County and Harris County. CCISD is the resident school district for R.W. and is responsible for providing him with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("IDEA").

### IV. STATEMENT OF FACTS

6. Plaintiff is a sixteen-year-old student with disabilities who attends the eleventh grade in Clear Falls High School in Galveston County within the Clear Creek Independent School District. He receives special education and related services under the eligibility categories of Orthopedic Impairment, Speech Impairment, and Visual Impairment. He has cerebral palsy and cortical visual impairment ("CVI"). He uses a wheelchair and an Accent 1000 Voice Output Communication Device ("VOCD") for communication purposes.

7. CVI is a brain-based rather than an eye-based form of visual impairment. Children with CVI see the world as a visual kaleidoscope. It affects all aspects of education because children with CVI are constantly bombarded visually to such a degree that it threatens to overwhelm them if not properly addressed. Children with CVI usually receive vision support services that facilitate improvements in functional vision. Functional vision is expected to improve in individuals with CVI. Plaintiff is in Phase 2 of CVI, in which a child can begin under certain circumstances with certain adaptations to perceive more isolated details. He has been

evaluated by Dr. Christine Roman, the foremost expert on CVI in the world. In fact, she developed the CVI range score, the most widely used functional vision assessment tool for children with CVI internationally.

8. By the fall semester of 2021, having little or no understanding of CVI, CCISD staff members had made the erroneous determination that Plaintiff learned primarily through auditory and tactile channels. They did not place vision goals in Plaintiff's Individualized Education Program ("IEP") and did not properly design that IEP to take appropriate account of Plaintiff's CVI.

9. Plaintiff's parents, having become aware of potential problems with the manner in which CCISD was addressing Plaintiff's vision needs, reached out to Dr. Roman on September 28, 2021, for assistance. Dr. Roman immediately recommended that a CVI range be performed, that a sensory balance approach be taken to learning media assessment that would not involve favoring one sense over another, but which would allow educators to determine how best to balance approaches across senses over the course of a day, and that a CVI schedule be designed for Petitioner, which would allow instructors to determine appropriate approaches and materials based on the demands of particular classes and Petitioner's needs during a school day.

10. At a later in-person meeting, Dr. Roman conducted a CVI range for Plaintiff and determined that his range fell between a 4 and a 4++, which placed him in Phase II. She reiterated specific recommendations for Plaintiff and noted that "[i]ndividuals with CVI have unique needs compared to those of children who have eye disorders. Children with eye disorders are often offered materials that increase contrast or reinforce tactual learning. Individuals with CVI have functional vision that is expected to improve." She also explained that behaviors

resulting from difficulties with visual complexity might sometimes appear to be signs of lack of interest.

11. Having gained a greater understanding from Dr. Roman of the nature of CVI and the critical need for proper instruction and services in the school that could take into account and address that disability, Plaintiff's parents began pressing CCISD to revise its approach to Plaintiff's education. However, CCISD instructors and staff showed neither an appropriate understanding of CVI nor any motivation to learn about it. Plaintiff's parents brought an initial administrative due process proceeding under the Individuals with Disabilities Education Act in the Fall of 2021 and then dismissed it without prejudice based on an agreement in which CCISD indicated it would train its staff appropriately in part through work with Dr. Roman.

12. When Dr. Roman observed CCISD's interactions with Plaintiff and began to try to attempt to provide them some training, she realized how completely inadequate CCISD's institutional understanding of CVI was and the extreme degree of overhaul that was required for CCISD to offer Plaintiff an appropriate education. Again, CCISD's staff showed no motivation to undertake such an overhaul or to more than what they themselves perceived as the minimum necessary to go through the motions of working with Dr. Roman. In the process, Dr. Roman recognized that they were providing Plaintiff no educational benefit and were, for example, generating visual aids for Plaintiff that had no value to him of any kind. Dr. Roman recommended completely starting over with Plaintiff's educational plan. By the end of the 2021-2022 school year, CCISD showed such complete inadequacy in its provision of instruction and services to Plaintiff that it was still providing him no educational benefit. Plaintiff's parents had no choice but to file a request once more for an administrative due process proceeding under the Individuals with Disabilities Education Act.

13. CCISD staff members continued their same basic approach in the 2022-2023 school year to such a degree that Dr. Roman concluded that Plaintiff continued to receive no educational benefit and that CCISD required an expert mentor and customized training to overhaul its program.

14. CCISD staff also failed in the 2022-2023 school year to provide a primary paraprofessional to work with Plaintiff. It is critical for Plaintiff to have a primary paraprofessional because this person functions as Plaintiff's communication partner and both facilitates communication and addresses issues that arise in the course of a day.

15. CCISD also shut down its lines of communication with Plaintiff's parents in the 2022-2023 school year. For example, CCISD prevented Plaintiff's parents from discussing Plaintiff with school staff, instead designating the special education department lead as the individual through whom communications should be channeled. Thus, despite Plaintiff's complex needs and the urgency of cooperation in addressing those needs, CCISD obstructed such communication in an effort to protect its own litigation interests.

16. The parties participated in an administrative due process hearing on September 27-30, 2022. The Hearing Officer issued a decision on November 22, 2022 (the "Decision"), attached as Exhibit A. In the Decision, the Hearing Officer awarded Plaintiff substantive relief, including in relevant part the following order: "[T]he District shall, at its expense, retain a consultant with expertise in CVI who is approved by [Plaintiff], to supervise the development and implementation of Student's vision program and IEP for the remainder of the 2022-2023 school year." Decision, at 34.

17. CCISD failed to comply with the Hearing Officer's orders contained in the Decision. Although CCISD contracted with Dr. Roman's organization and had one of its CVI

experts provide some measure of training, CCISD did not follow the recommendations of this expert and Dr. Roman's organization generally as to the level of engagement that would be required. On the contrary, CCISD itself dictated exactly what services it would receive from the expert designated by Plaintiff and took a minimalist approach even to its response to that training. In no sense did Dr. Roman's organization and its experts supervise the development and implementation of Student's vision program and IEP. In fact, even by the end of the 2022-2023 school year, CCISD staff had such limited understanding of CVI that Dr. Roman and her staff believed them still incapable of developing and implementing, or even of understanding, an appropriate IEP for Plaintiff. Then, at the end of the 2022-2023 school year, despite the fact that their program for Plaintiff was still in a shambles and provided no educational benefit to Plaintiff, CCISD announced its unwillingness to accept any more training or services from Dr. Roman's organization.

18. CCISD remains incapable and unwilling to provide Plaintiff even a *de minimis* level of appropriate education and services. It has shown itself unwilling to comply with an IDEA Hearing Officer's orders in this regard. It continues to shut down communication with Plaintiff's parents. Even when Plaintiff suffers physical harm on campus and in the classroom, CCISD staff members refuse to take measures to address the situation appropriately or to communicate with Plaintiff's parents as part of CCISD's retaliatory approach to the efforts of Plaintiff's parents to ensure that their son receives a Free Appropriate Public Education.

19. Plaintiff has suffered both physical harm and very significant emotional harm through CCISD's failures to provide him appropriate instruction and services and through its elevation of its own litigation interests over his educational needs. Plaintiff continues to receive no educational benefit from CCISD and is left frequently in circumstances of extreme physical

and emotional discomfort because of CCISD's refusal to take the steps necessary to address his needs. Plaintiff is suffering irreparable harm and, without judicial intervention, will continue to do so.

## FIRST CAUSE OF ACTION
### (SECTION 504)

20. Plaintiff incorporates by reference paragraphs 1-19 of this Complaint.

21. Plaintiff is a "disabled/handicapped" individual as defined in 29 U.S.C. § 705.

22. Plaintiff has been denied and excluded from significant benefits of Defendant's program which would have, if properly designed and implemented for Plaintiff, had the possibility of providing a Free Appropriate Public Education to Plaintiff.

23. Defendant receives federal financial assistance in implementing its programs.

24. Defendant's level of deliberate indifference, bad faith, and gross misjudgment in failing to provide a safe environment for Plaintiff designed to promote his educational progress was and continues to be sufficiently egregious to constitute discrimination under Section 504.

25. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer irreparable harm.

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983)

26. Plaintiff incorporates by reference paragraphs 1-25 of this Complaint.

27. Defendant has deprived Plaintiff of his federal constitutional and statutory rights by failing and refusing to implement the Decision of the Hearing Officer under the Individuals with Disabilities Education Act and by failing to provide Plaintiff with a safe educational environment and by exhibiting deliberate indifference towards the substantial risk of harm confronting him as a result of Defendant's failures.

28. Defendant's actions have been carried out by decisionmakers to whom such actions are delegated and thus constitute the policies and practices of Defendant.

29. Defendant acted under color of state law when it deprived Plaintiff of the above-referenced federal constitutional and statutory rights.

30. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1983, Plaintiff has suffered and continues to suffer irreparable harm.

## PRAYER

Plaintiff seeks enforcement of the administrative hearing officer's Decision under the Individuals with Disabilities Education Act and an order requiring Defendant to provide the remedies ordered in that Decision. In particular, Plaintiff seeks an order compelling Defendant to contract at its own expense with the experts of Plaintiff's choosing to take whatever steps are necessary in the view of those experts to develop and to implement an Individualized Education Program appropriate for Plaintiff under the supervision of those experts.  Because of the irreparable harm faced by Plaintiff, Plaintiff seeks a preliminary injunction to effectuate these orders, followed by a permanent injunction after a trial on the merits.  In addition, Plaintiff requests the following:

- Reimbursement for costs and expenses incurred as a result of Defendant's wrongdoing as articulated above; and, specifically,
- Payment for Plaintiff's reasonable and necessary attorneys' fees and costs of the suit.

DATED: September 11, 2023                    Respectfully Submitted,

   /s/ Mark Whitburn
Mark Whitburn
State Bar No. 24042144
Sean Pevsner
State Bar No. 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com