Case 3:23-cv-00297   Document 17   Filed on 02/08/24 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
February 08, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:23-cv-297

R.W., by and through his next friends, Max W. and Angel W.
*Plaintiff*,

v.

Clear Creek Independent School District, *Defendant*.

## MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, *United States District Judge*:

The defendant has moved to dismiss the amended complaint for lack of subject-matter jurisdiction and for failure to state a claim. Dkt. 10. The court will grant the motion.

I.   **Background**

R.W. is an eleventh-grade student in the Clear Creek Independent School District ("CCISD"). Dkt. 9 ¶ 6. R.W. has cerebral palsy and cortical visual impairment ("CVI"). *Id.* ¶ 7. To better diagnose and treat his CVI, R.W.'s parents engaged Dr. Christine Roman, a CVI expert. *Id.* In the fall of 2021, CCISD agreed to work directly with Dr. Roman to "train its staff" on

how to educate students with CVI. *Id.* ¶ 12. But by the end of that school year, R.W.'s parents became disappointed by the "complete inadequacy" of CCISD's "provision of instruction and services" to R.W. *Id.* So they requested an administrative due-process hearing under the Individuals with Disabilities Education Act ("IDEA"). *Id.*

The due-process hearing occurred on September 27, 2022. *Id.* ¶ 16. At its conclusion, the hearing officer ordered CCISD to "at its expense, retain a consultant with expertise in CVI who is approved by [R.W.'s parents], to supervise the development and implementation of [R.W.'s] vision program and IEP[1] for the remainder of the 2022-2023 school year." *Id.*

The thrust of the plaintiff's complaint before this court is that CCISD failed to comply with the hearing officer's order. *Id.* ¶ 17. While CCISD did retain Dr. Roman, a consultant approved by R.W.'s parents, the plaintiff alleges CCISD "took a minimalist approach" in response to the training she offered and refused to implement many of her suggestions. *Id.*

The plaintiff maintains that CCISD has "shown itself unwilling to comply" with the hearing officer's order. *Id.* ¶ 18. He now seeks an order from

---

[1] Under the IDEA, a local educational agency must create an "individualized education program" (IEP) for each disabled child. 20 U.S.C. § 1414(d).

this court requiring CCISD to adhere to that order. *Id.* at 9. The plaintiff brings claims under the IDEA, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983, all pertaining to CCISD's failure to implement the hearing officer's order. Dkt. 9. CCISD has moved to dismiss all claims under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 10.

## II. Legal Standard

### A. Rule 12(b)(1)

A court should grant a motion to dismiss for lack of subject-matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden of proof. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). Federal courts have jurisdiction over a claim between parties only if the plaintiff presents an actual case or controversy. U.S. Const. art. III, § 2, cl. 1; *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). "The many doctrines that have fleshed out that 'actual controversy' requirement—standing, mootness, ripeness, political question, and the like—are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Roark & Hardee LP v.*

*City of Austin*, 522 F.3d 533, 541–42 (5th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

To test whether the party asserting jurisdiction has met its burden, a court may rely upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). When standing is challenged in a motion to dismiss, the court must "accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party." *Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quotations omitted).

### B. Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* In reviewing the pleadings, a court "accept[s] all well-pled facts as true, construing all reasonable inferences in the complaint

in the light most favorable to the plaintiff." *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)). But the court does not accept "[c]onclusory allegations, unwarranted factual inference, or legal conclusions" as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

## III. Analysis

R.W. argues that CCISD's alleged failure to implement the hearing officer's order violates his rights under three statutes: the IDEA, 42 U.S.C. § 1983, and the Rehabilitation Act. CCISD has moved to dismiss R.W.'s three respective causes of action, and the court will address each in turn.

### A. Failure to Implement under the IDEA

Under the IDEA, "any party aggrieved by the findings and decision made [at the due-process hearing] . . . shall have the right to bring a civil action . . . in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(i)(2)(A). The core dispute before the court is the proper interpretation of a "party aggrieved" under § 1415.

CCISD argues that R.W. cannot be a "party aggrieved" because he prevailed at the due-process hearing and was afforded the precise relief he sought. Dkt. 10 at 17–18. Therefore, CCISD continues, he has not been "aggrieved by" the hearing officer's conclusion and cannot bring his failure-

to-implement claim under the IDEA. *Id.* R.W. concedes he was not "aggrieved by the [d]ecision itself" but maintains that the IDEA cannot leave him without a remedy; it must be read to permit him to enforce the order of the hearing officer. Dkt. 12 at 11–12.

Both positions find support in case law. CCISD urges an interpretation that begins and ends with the text of the statute. If a party receives the precise decision it sought from a hearing officer, that party cannot be said to be "aggrieved *by the findings and decision*" of that officer. § 1415(i)(2)(A) (emphasis added). As one court has noted, "a party cannot have been 'aggrieved' and be said to have 'prevailed' in the same action where there was only one outcome. One term clearly connotes loss while the other indicates victory." *P.M. ex rel. S.M. v. Evans–Brant Cent. Sch. Dist.*, 2012 WL 42248, at \*4 (W.D.N.Y. Jan. 9, 2012). For this reason, the Second, Fourth, and D.C. Circuits have expressly held that the IDEA does not accommodate a failure-to-implement claim. *Antkowiak v. Ambach*, 838 F.2d 635, 637 (2d Cir. 1988); *Robinson v. Pinderhughes*, 810 F.2d 1270, 1272 (4th Cir. 1987); *B.D. v. Dist. of Columbia*, 817 F.3d 792, 800–01 (D.C. Cir. 2016).

R.W. maintains that this reading produces an implausible result. Dkt. 12 at 11. A statutory interpretation that forecloses failure-to-implement claims would, the argument goes, create "a gaping hole in IDEA's coverage.

It would create incentives for school systems to drag out the administrative process, not to appeal administrative orders, not to announce their intentions to refuse to comply with those orders, and generally not to comply." *Nieves-Márquez v. Puerto Rico*, 353 F.3d 108, 116 (1st Cir. 2003).[2] The First and Third Circuits have therefore held that "parties aggrieved" by a hearing officer's decision must be read to include those who are "aggrieved by" a school district's failure to comply with that decision. *Id.*; *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 278 (3d Cir. 2014); *see also John H. ex rel. Denise H. v. Elgin Indep. Sch. Dist.*, 2021 WL 7081436, at *5 (W.D. Tex. Oct. 25, 2021) *report and recommendation adopted*, 2021 WL 7081435 (W.D. Tex. Dec. 8, 2021) (holding the plaintiff was an "aggrieved party" based on the district's failure to implement a hearing officer's decision).

The Fifth Circuit has not directly addressed the circuit split over failure-to-implement claims. *See John H.*, 2021 WL 7081436, at *5 (noting the absence of guidance from the Fifth Circuit). Nevertheless, in *D.G. v. New Caney Independent School District*, 806 F.3d 310 (5th Cir. 2015), the court

---

[2] "Congress could not have intended to leave plaintiffs without an IDEA statutory remedy when they succeed before the hearing officer and the school system does not appeal the administrative decision but simply fails to fulfill a continuing obligation to provide services." *Nieves-Márquez*, 353 F.3d at 115-16.

provided instructive guidance on the proper meaning of "party aggrieved" under § 1415.

In *D.G.*, the school district argued that § 1415's statute-of-limitations provision barred the plaintiff's claim for attorney's fees. *Id.* at 314. The school district, seeking to invoke the ninety-day limitations period, argued that because the hearing officer did not award attorneys' fees, the plaintiff was an "aggrieved party" under § 1415. *Id.* at 315; *see* 20 U.S.C. § 1415(i)(2)(B). The Fifth Circuit disagreed. It made "little sense," the court noted, to "characterize a party as 'aggrieved by' the decision of a hearing officer *that awarded that party all of the relief she sought*, merely because the hearing officer did not order the payment of attorneys' fees that he had no authority to award." *Id.* at 317 (emphasis added). And, the court continued, "a party cannot have been 'aggrieved' and be said to have 'prevailed' in the same action where there was only one outcome." *Id.* at 318 (quoting *P.M.,* 2012 WL 42248, at *4).³

Though mindful of the fact that a distinct issue was before the Fifth Circuit in *D.G.*, this court will apply the same plain meaning of § 1415. R.W.

---

³ The Fifth Circuit also cited approvingly two circuit-court decisions holding that plaintiffs cannot maintain a failure-to-implement claim via the IDEA. *D.G.*, 806 F.3d at 317-18 (citing *Antkowiak*, 838 F.2d at 641, and *Robinson*, 810 F.2d at 1273).

was afforded all the relief he sought and plainly admits he was not "aggrieved by the [d]ecision itself." Dkt. 12 at 6. Though R.W. may be aggrieved by CCISD's failure to implement that decision, he is not a "party aggrieved by the findings and decision" of a hearing officer. § 1415(i)(2)(A). The failure-to-implement claim brought under to 20 U.S.C. § 1415 is dismissed.

### B. Failure to Implement under 42 U.S.C. § 1983

R.W. also brings his failure-to-implement claim under 42 U.S.C. § 1983. Dkt. 9 ¶¶ 26–30. Numerous other courts have held that while a plaintiff may not seek to enforce a hearing officer's decision under the IDEA, as discussed above, he or she may seek enforcement under § 1983. *See Rutherford v. Fla. Union Free Sch. Dist.*, 2019 WL 1437823, at *25 (S.D.N.Y. Mar. 29, 2019); *DL v. Dist. of Columbia*, 730 F. Supp. 2d 84, 90 (D.D.C. 2010) (collecting cases). CCISD does not contest this court's jurisdiction to hear a failure-to-implement claim under § 1983. Rather, it argues that R.W. has failed to adequately allege a claim for municipal liability.

A local government may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Municipal liability cannot be sustained under a theory of

*respondeat superior.*" *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). Rather, municipal liability under § 1983 requires "1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (internal citations omitted).

"Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).

"Although an official policy can render a municipality culpable, there can be no municipal liability unless it is the moving force behind the constitutional violation." *Id.* (citing *Piotrowski*, 237 F.3d at 580). "In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation." *Id.*

R.W. posits it is the policy of the CCISD Board of Trustees to entrust the implementation of administrative orders—orders that are designed to address a school's shortcomings—to those that "were directly responsible for the actions and omissions at issue." Dkt. 12 at 18. By leaving implementation

to "those least likely to implement it appropriately," the argument continues, the Board, in effect, ratifies the school's misconduct. *Id.*

At this early stage, R.W. has adequately identified both a policymaker and an official policy. For starters, "Texas law unequivocally delegates to the Board 'the exclusive power and duty to govern and oversee the management of the public schools of the district.'" *Rivera,* 349 F.3d at 247 (quoting Tex. Educ. Code. § 11.151(b)). R.W. challenges a policy of the CCISD Board, the exclusive policymaker. And while R.W. has not pointed to any written policy, "at the motion-to-dismiss stage, factual allegations as to the municipal policy or custom 'need not specifically state what the policy is, as the plaintiff will generally not have access to it, but may be more general.'" *Arceneaux v. Klein Indep. Sch. Dist.*, 2018 WL 2317565, at *6 (S.D. Tex. May 22, 2018) (quoting *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 843 (S.D. Tex. 2011)).

But even taking the alleged policy as true, the Board's conduct falls short of ratifying any underlying misconduct. The Fifth Circuit has acknowledged that, on rare occasion, "[w]hen the official policymaker knows about misconduct yet allegedly fails to take remedial action, this inaction arguably shows acquiescence to the misconduct such that a jury could conclude that it represents official policy." *Sanchez v. Young Cnty., Texas*, 956 F.3d 785, 793 (5th Cir. 2020). For example, when a police department

failed to take *any* remedial action following a "incompetent and catastrophic performance" of several police officers, a jury could reasonably conclude such conduct was "accepted as the way things are done." *Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985). Not so here. There was a concrete plan for remedial action to correct CCISD's shortcomings—the order of the hearing officer. The fact that the Board entrusted the implementation of that remedy to school officials, as opposed to providing more direct supervision, does not confer any degree of acceptance or ratification of the school's action or lack thereof.

Taking all of R.W.'s allegations as true, the Board did not acquiesce to any misconduct. The § 1983 claim is dismissed for failure to state a claim.

## C. Failure to Implement under Section 504

Finally, R.W. also asserts his failure-to-implement claim under Section 504 of the Rehabilitation Act. Dkt. 9 ¶¶ 20–25. Section 504 provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). "To prevent dismissal, a plaintiff must allege sufficient facts to show: (1) that he is a qualified individual; (2) that he is being excluded

from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 417 (5th Cir. 2021).

"Evidence of intentional discrimination is necessary to support a claim for monetary damages, but a plaintiff seeking only equitable relief may succeed on a disparate impact theory." *Id.* The Fifth Circuit has "hesitated to 'delineate the precise contours' of the standard for showing intentionality." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020) (quoting *Miraglia v. Bd. of Supervisors La. State Museum*, 901 F.3d 565, 575 (5th Cir. 2018)). "But the cases to have touched on the issue require something more than deliberate indifference, despite most other circuits defining the requirement as equivalent to deliberate indifference." *Id.* (citations and internal quotations omitted).

As R.W. does not pursue a disparate-impact theory, CCISD seeks dismissal for failure to adequately plead intentional discrimination. Dkt. 10 at 24. In the school context, "the plaintiff must link the discrimination claims to some evidence of prejudice, ill-will, or spite, or, at the least, show deliberate indifference." *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*,

403 F. Supp. 3d 610, 622 (S.D. Tex. 2019) (internal quotation omitted). "A failure to implement accommodations, without more, does not amount to professional bad faith or gross misjudgment." *McDavid v. Houston Indep. Sch. Dist.*, 2021 WL 4555241, at *3 (S.D. Tex. Oct. 5, 2021).

CCISD's failure to fully implement the hearing officer's order does not meet this standard. The defendant was ordered to retain a CVI expert to "supervise the development and implementation of [R.W.'s] vision program and IEP." Dkt. 9 ¶ 16. CCISD did retain that expert—Dr. Roman. Dkt. 9 ¶ 17. But the parties disagree on the degree of influence Dr. Roman ought to have had over R.W.'s education. *See* Dkt. 14 at 9. Even if CCISD did not implement Dr. Roman's suggestions fully or with due enthusiasm, this simple non-compliance, without more, does not rise to intentional discrimination under § 504. *See D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 455 (5th Cir. 2010) (holding that when a § 504 claim is predicated on a disagreement over compliance with the IDEA, professional bad faith or gross misjudgment are necessary). R.W.'s § 504 claim is dismissed for failure to state a claim.

\*   \*   \*

In reaching this conclusion, one may reasonably grow concerned that students like R.W. have been afforded a right without a remedy. That is,

while the IDEA affords students the right to be heard before a hearing officer, it provides no direct mechanism to enforce the orders of that officer. But students have a remedy—just not one this court may provide. The Texas Administrative Code permits a parent to "file a complaint with the TEA alleging that a public education agency has failed to implement a hearing officer's decision." 19 Tex. Admin. Code § 89.1185(p). This is the preferred mechanism for failure-to-implement claims. *See T.S. v. Utica Cmty. Sch.*, 2013 WL 5954425, at *8 (E.D. Mich. Nov. 7, 2013) (holding state complaint-resolution procedures to be the proper recourse for a failure-to-implement claim); *Brennan v. Reg'l Sch. Dist. No. Bd. of Educ.*, 531 F. Supp. 2d 245, 261 n. 12 (D. Conn. 2008) (same).

For the foregoing reasons, the court grants the defendant's motion to dismiss. Dkt. 10. A final judgment will issue separately.

Signed on Galveston Island this 8th day of February, 2024.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE